IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 772 |
| | ) | |
| v. | ) | |
| | ) | |
| JASON FOSTER | ) | Judge Virginia M. Kendall |

## AGREED MOTION TO FILE INSTANTER

Defendant JASON FOSTER by the Federal Defender Program and its attorney PAUL FLYNN, respectfully seeks leave to file instanter his reply to government's notice of penalty enhancement under 21 U.S.C. § 851 due to identical factual bases of the two convictions, on February 21, 2008. In further support, defendant states as follows:

1.  Counsel did not received transcripts from De Kalb County and Kane County that were needed in order to file reply until Tuesday, February 19, 2008, on this day, counsel was attending a seminar in Washington D.C.

2.  Counsel for Mr. Foster has made a good faith effort to meet the Court's deadline but counsel has unable to do so.

3.  Assistant United States Attorney, Bethany K. Biesenthal has no objection to this motion.

4.  Counsel apologizes for any hardship caused to any party in the case.

WHEREFORE, for the above-noted reasons, Mr. Jason Foster prays that this Court grant his Motion to File Instanter his reply.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: s/ Paul Flynn
    PAUL FLYNN

PAUL FLYNN
FEDERAL DEFENDER PROGRAM
55 East Monroe Street – Suite 2800
Chicago, IL  60603
(312) 621-8300

## CERTIFICATE OF SERVICE

The undersigned,  PAUL FLYNN , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

AGREED MOTION TO FILE INSTANTER

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on February 21, 2008, to counsel/parties that are non-ECF filers:

By:     s/PAUL FLYNN
        PAUL FLYNN
        FEDERAL DEFENDER PROGRAM
        55 E. Monroe St., Suite 2800
        Chicago, Illinois 60603
        (312) 621-8300

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 772 |
| | ) | |
| v. | ) | |
| | ) | |
| JASON FOSTER | ) | Judge Virginia M. Kendall |

# ATTACHMENT

**DEFENDANT'S REPLY TO GOVERNMENT'S NOTICE OF PENALTY ENHANCEMENT UNDER 21 U.S.C. § 851 DUE TO IDENTICAL FACTUAL BASIS OF THE TWO CONVICTIONS**

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA       )
                                    )
                                    )
    v.                            )   No. 07 CR 772
                                    )   Judge Virginia M. Kendal
                                    )
JASON FOSTER                  )

**DEFENDANT'S REPLY  TO GOVERNMENT'S NOTICE  OF PENALTY ENHANCEMENT UNDER 21 U.S.C. 851 DUE TO IDENTICAL FACTUAL BASIS OF THE TWO CONVICTIONS**

Jason Foster, by counsel, now moves the Court for an order dismissing the second felony from consideration for penalty enhancement, pursuant to 21 U.S.C.. § 851. (c)(1).  In their notice the government alleges there are  two Illinois convictions for possession with intent to distribute cocaine under 18 U.S.C. § 851(a)(1) which, they claim requires this court to impose a statutory minimum of ten years imprisonment on Mr. Foster.  Jason Foster claims that based on the unique facts presented by this multi-county joint task force investigation and prosecution, the second conviction exceeds the scope of that statute as applied  to Mr. Foster. Dated at Chicago, Illinois, February 21, 2008.

1.     **Statement of Facts**

It is the government's position that Jason Foster was convicted of possession of cocaine on December 18, 2003, in the Circuit Court of Kane County in case number 03 CF 1624 for which he received a prison sentence of five years.  It is further the government's position that Jason Foster was convicted of possession of cocaine on December 19, 2003, in the Circuit Court

of DeKalb County in case number 03 CF 283 for which he received a prison sentence of five

years to run concurrent to the sentence in the Kane County case. He was also given credit for the

same quantum of incarceration based on his pre-trial detention in the Kane county jail before his

resolution of the cases.

It is Jason Foster's recollection that on or about June 11, 2003 he possessed cocaine in

an STP oil can at his residence at 1338 East Galena in Aurora in Kane County, Illinois. He made

arrangements to sell cocaine in DeKalb County, Illinois. At the time he discussed these

arrangements he was being investigated by the North Central Narcotics Task Force which

included law enforcement officers and consulting prosecutors from both DeKalb and Kane

Counties. During their investigation he was arrested in DeKalb County. He was cooperative and

when questioned by law enforcement officers he told them about the cocaine at his home and

signed a consent to search form for his residence in Kane County. The agents searched his home

in Aurora pursuant to that consent form and found the cocaine on that date.

## ARGUMENT

## II.    DEFENDANT COMMITTED THE SAME CRIMINAL ACT WHICH FORMED THE BASIS FOR CONVICTION IN BOTH DEKALB AND KANE COUNTIES.

A careful reading of the reveals an important factual discrepancy which needs to be

resolved. In it's pleading the government states that he was convicted on December 18, 2003, in

the Circuit Court of Kane County in case number 03 CF 1624. They further state that Jason

Foster was convicted of possession of cocaine on December 19, 2003, in the Circuit Court of

DeKalb County in case number 03 CF 283. The transcripts of the proceedings of both hearings

however, indicate that the two pleas and sentencing and judgements of conviction took place on

the same date, December 18, 2003. Those transcripts are attached as Exhibits A and B. The

hearings both being conducted on the same day corroborates Foster's recollection of the close relationship between the two cases. But his argument goes even further than a claim of procedural relatedness such as discussed in United States v Johnston (2000, CA8 Iowa) 220 F.3d 857 (criticized in United States v Martino (2002, CA2 Vt) 294 F.3d 346) and post-conviction relief den (2004, CA8 Iowa) 105 Fed. Appx. 878.

It is Foster's argument that he possessed one quantity of cocaine with the intent to distribute on the date he was arrested. The fact that his case was investigated and prosecuted by a joint task force with two different counties being represented should not double the minimum mandatory period of incarceration which must be imposed. If his case had only been prosecuted by Kane County where he kept his drugs, he would have resolved his case in one county with only prior conviction for possession with intent to deliver. Because the drugs alleged in both indictments were in fact the same drugs, enhancement for the second conviction exceeds the scope of 18 U.S.C. § 851 as applied to Mr. Foster.

The government's notice sets forth the convictions which they rely on for enhancement. Both convictions are for possessing cocaine with intent to distribute it on or about the same date. He is not charged with individual delivery or conspiracy counts involving different parties. The infirmity with this approach is that possession under Illinois narcotics law is as broad as the federal statutes and includes analogous concepts of constructive possession or exercising dominion and control at a physical locality remote from where the defendant is physically located. If a defendant travels through multiple counties in Illinois with a stash of cocaine at home that he wants to sell. He is committing the same crime in every county he passes through. He possess cocaine and he intends to sell it. Theoretically if convicted in enough counties he would face a mandatory life sentence. This arbitrary result is not consistent with the aims of 18

U.S.C. § 851 as applied to the facts in Mr. Foster's case.

**CONCLUSION**

For these reasons, Foster requests an evidentiary hearing to resolve the factual issue as to

the date of his convictions. It is anticipated the government will respond and the court should

schedule a hearing as well to resolve the procedural and factual relatedness of his two

convictions and the circumstances surrounding his arrest and prosecution by Kane County and

DeKalb County officials.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By:  s/Paul Flynn
Paul Flynn
Attorney for Defendant Jason Foster

FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312)621-8336

# EXHIBIT "A"

## TRANSCRIPT OF PLEA AGREEMENT AND SENTENCING

1    IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT

2              DEKALB COUNTY, ILLINOIS

3

4    THE PEOPLE OF THE STATE OF          )
     ILLINOIS,                           )          ORIGINAL
                                         )
5                      Plaintiff,        )
                                         )
6        vs.                             )   CASE NO. 03 CF 283
                                         )
7    JASON FOSTER,                       )   PLEA AGREEMENT and
                                         )   SENTENCING
8                      Defendant.        )
                                         )
9                                        )

10

11        REPORT OF PROCEEDINGS in the hearing before the

12    Honorable ROBBIN J. STUCKERT on the **19TH** of **DECEMBER**,

13    **2003**.

14

15        APPEARANCES:

16        ALICE TRACY,
          Assistant State's Attorney
17        for the People of the State of Illinois.

18        BRUCE STEINBERG,
          for the defendant.

19

20

21

22

23    ANGELA M. HERRELL, CSR, RPR
      Official Court Reporter
      DeKalb County Courthouse
24    IL License No. 084-004455

I N D E X

| WITNESS | D | C | RD | RC |

(NONE)

E X H I B I T S

| EXHIBIT NO. | MARKED | RECEIVED |

(NONE)

1          (WHEREUPON, the following proceedings

2            were held in open court.)

3      THE CLERK:  03 CF 283.

4      MR. STEINBERG  Bruce Steinberg on behalf of the

5  defendant.

6      MS. TRACY:  Alice Tracy on behalf of the State.

7      MR. STEINBERG  We have a plea negotiation to

8  present to the Court.

9      MS. TRACY:  The defendant would be pleading guilty

10  to Count 1 of the indictment, which is an unlawful

11  possession of a controlled substance with intent to

12  deliver, a Class 1 felony.  He would be sentenced to

13  four years in the Department of Corrections, that term

14  to be served concurrently with another drug case out of

15  Kane County, the case number is ...

16      MR. STEINBERG  03 CF 1624.

17      MS. TRACY:  The defendant would be receiving credit

18  for time served as laid out in the judgment order,

19  Judge.  That would be four days in DeKalb County and

20  then since October 20th of this year in Kane County jail

21  until today.

22      THE COURT:  Mr. Foster, you have heard the terms of

23  the agreement that have been reached on your behalf by

24  your attorney Mr. Steinberg and the state's attorney's

1    office.  Was that your understanding of the sentence,

2    sir, as it has been outlined to the Court?

3         THE DEFENDANT:  Yes.

4         THE COURT:  Do you understand, sir, that by

5    pleading guilty to the charges you are giving up several

6    rights that you have.  Has anybody promised you anything

7    in return for your plea of guilty, or are you entering

8    into this plea voluntarily?

9         THE DEFENDANT:  No.

10        THE COURT:  You're doing so voluntarily, sir?

11        THE DEFENDANT:  Yes.

12        THE COURT:  May I ask your age?

13        THE DEFENDANT:  31.

14        THE COURT:  And what was the last year of formal

15   education that you completed?

16        THE DEFENDANT:  11.

17        THE COURT:  All right.  Sir, you understand that

18   this is a Class 1 felony charge that you are pleading

19   guilty to which carries potential penalties of a term in

20   the Illinois Department of Corrections that can range

21   from minimum sentence of four years up to a maximum term

22   or sentence of 15 years.

23            There is a mandatory supervised release

24   program, formerly known as parole, that could extend the

1    sentence an additional two years upon your release from

2    the Illinois Department of Corrections.

3         The charge against you is also a probational

4    offense with potential penalties of probation; that term

5    could go up to four years.  Fines and costs could be

6    assessed against you as well with a mandatory drug

7    assessment fee of $2,000, fines up to $250,000, with the

8    minimum amount being equal to the street value.

9         Do you understand the Count 1 that you are

10   pleading guilty to, the charge and potential penalties

11   with that charge as well, sir?

12        THE DEFENDANT:  Yes.

13        THE COURT:  You do understand that by entering a

14   plea of guilty you are waiving or giving up your rights

15   to trial, that would be both a jury trial and a bench

16   trial.  Do you understand the differences between the

17   proceedings, sir, or should I explain them to you more

18   fully?

19        THE DEFENDANT:  I understand.

20        THE COURT:  You have the right at trial to confront

21   and cross-examine all witnesses the State would bring to

22   testify against you.  You could bring witnesses on your

23   behalf.  You could subpoena individuals into court with

24   court-ordered subpoenas.  However, with your plea of

1    guilty, you waive not only your right to trial but all

2    the rights afforded at that trial as well.  Do you

3    understand?

4         THE DEFENDANT:  Yes.

5         THE COURT:  Is there a factual basis for the plea?

6         MS. TRACY:  Yes, Judge.  I also forgot to mention

7    one of the negotiated terms is that he would pay a total

8    of $250, fines and costs to be taken from his bond, and

9    that Count 2 of the indictment would be dismissed.

10        MR. STEINBERG:  That's correct.

11        THE COURT:  I show $1,800 of bond as remaining, so

12   the $250 would go from that and the balance would be

13   returned to the surety?

14        MR. STEINBERG  I do have a bail bond request and

15   also a notarized letter from the bail surety.

16        MS. TRACY:  Regarding the factual basis, if the

17   State were to proceed to trial on Count 1 of the

18   indictment, we would present evidence from undercover

19   police officers and task force personnel as well as

20   crime lab personnel to prove beyond a reasonable doubt

21   that on or about June 11th, 2003, the defendant was

22   in possession of an amount of cocaine, a controlled

23   substance, in that when he possessed that he intended to

24   deliver it.  The weight of the cocaine being more than

1   1 gram but less than 15 grams.  And that was in

2   violation of 720 ILCS Section 170/401(b).  The substance

3   was later found to have contained cocaine by a forensic

4   expert at the Illinois State Police Crime Lab, and this

5   occurred in DeKalb County, Illinois.

6       THE COURT:  Mr. Steinberg, would you stipulate to

7   the factual basis at this time?

8       MR. STEINBERG  Yes.

9       THE COURT:  Is Mr. Foster also waiving his right to

10   a presentence investigative report?

11       MR. STEINBERG  Yes.

12       THE COURT:  In light of that, can you please state

13   for the record prior criminality other than the Kane

14   County case?

15       MS. TRACY:  Judge, he has other arrests but no

16   convictions that I'm aware of, felony.  He does has a

17   '96 domestic battery arrest, but I'm not sure of the

18   disposition in that case.

19       THE COURT:  All right.  Thank you.

20          I will accept your plea of guilty to the Class

21   1 felony, unlawful possession of a controlled substance,

22   at this time, sir, and sentence you to four years in the

23   Illinois Department of Corrections.  This will be a

24   concurrent sentence with 03 CF 1624, a Kane County case.

1   You will also be gaining credit for time served in the

2   DeKalb County jail, that is four days from June 11th to

3   June 14th, and subsequent incarceration time in Kane

4   County jail from October 20th through December 19th.

5   That is a total of 64 days with credit.

6            Your fines and costs are $250.  As I've

7   indicated there's $1,800 of bond remaining.  I have read

8   the bond assignment as well as the affidavit or letter

9   that was produced by the surety, and those sums or

10  moneys that are still in the bond will be going to

11  Mr. Steinberg for his legal services.

12           Do you understand that, Mr. Foster?

13       THE DEFENDANT:  Yes.

14       THE COURT:  Count 2 of the indictment will be

15  dismissed per the plea that has been negotiated at this

16  time as well.

17           I am signing the orders and acknowledging the

18  written waiver that I have in front of me.

19           Mr. Foster, although you have pled guilty to

20  the charge against you, sir, I must advise you that you

21  do have a right to appeal this sentence.

22           In order to do so, you would first have to

23  file a motion to withdraw your guilty plea that has been

24  entered today and vacate the judgment orders.  That

1  would be in writing, and it must be filed with the Court

2  within 30 days of today's date.

3       You must state in that first motion that you

4  file all reasons, facts, or bases for you to be allowed

5  to withdraw your plea and vacate the judgment.  Anything

6  that you left out in that initial motion would be deemed

7  waived or given up for purposes of a further appeal to a

8  higher branch of court, our Illinois Appellate Court.

9       Do you understand the procedure so far,

10  Mr. Foster?

11       THE DEFENDANT:  Yes.

12       THE COURT:  If that motion were granted, this case

13  would be reinstated and set for trial. Further, any

14  counts that the State had dismissed on that motion could

15  also be reinstated as well.

16       However, if the Court denied that motion, you

17  would have an additional 30 days to appeal the sentence

18  to the Illinois Appellate Court by filing a notice of

19  appeal within that time frame.  An attorney would be

20  appointed to assist you if you were determined indigent

21  or without financial funds, and you would receive a copy

22  of today's sentencing hearing or a transcript of the

23  proceeding at no cost to you as well.

24       Do you understand the rights that you have,

1    Mr. Foster, to an appeal?

2         THE DEFENDANT:  Yes.

3         THE COURT:  Any questions that you have for the

4    Court?

5         THE DEFENDANT:  No.

6         THE COURT:  Best of luck to you.

7                   (Concluded at 9:52 a.m.)

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT

DEKALB COUNTY, ILLINOIS


    I, ANGELA M. HERRELL, CSR, RPR, an Official Court

Reporter for the Circuit Court of DeKalb County, 16th

Judicial Circuit of Illinois, do hereby certify that I

reported in shorthand the proceedings had in the hearing

in the above-entitled cause; that I thereafter caused

the foregoing to be transcribed into typewriting, which

I hereby certify to be a true and accurate transcript of

the proceedings had before the Honorable Robbin J.

Stuckert, Judge of said court.


                                        Official Court Reporter


Dated this 8th day

of February, 2008.

OFFICIAL SEAL
ANGELA M HERRELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/21/10

# EXHIBIT "B"

**TRANSCRIPTS**

**REPORT OF PROCEEDINGS ON DECEMBER 18, 2003**

1  STATE OF ILLINOIS      )
                          ) SS.
2  COUNTY OF KANE         )

3     IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
                    KANE COUNTY, ILLINOIS

4

5  PEOPLE OF THE STATE OF ILLINOIS, )
                                    )
6                      PLAINTIFF,   )
                                    )
7                      VS.          )  NO. 03 CF 1624
                                    )
8  JASON T. FOSTER,                 )
                                    )
9                      DEFENDANT.   )

10     REPORT OF PROCEEDINGS had at the hearing in the

11  above-entitled cause before the Honorable DONALD C.

12  HUDSON, Judge of said Court, on the 18th day of

13  December, A.D. 2003.

14     PRESENT:

15        MS. MEG GORECKI,
            State's Attorney, by
16        MR. SALVATORE LOPICCOLO, JR.,
            Assistant State's Attorney,
17            appeared for the People of the
              State of Illinois;

18
          MR. BRUCE STEINBERG,
19            appeared for the Defendant.

20

21

22  JACQUELINE S. WELTMER, CSR
    Official Court Reporter
    Illinois CSR #84-1179
23

24

1      (Whereupon, the following

2      proceedings were had

3      before Court and counsel

4      in open court:)

5

6      THE COURT:  03 CF 1629, People vs. Jason Foster.

7   Counsel, for the record?

8      MR. LOPICCOLO:  Sal LoPiccolo, State.

9      MR. STEINBERG:  Bruce Steinberg on behalf of Jason

10  Foster who is present.  We have a plea to present.

11     MR. LOPICCOLO:  Judge, initially, the State would

12  move to amend Count 1 to be a Class 1 felony, so we

13  would change the charge itself, would be Section

14  570/401(c)(2), and the amount would be more than one

15  but less than 15.

16     MR. STEINBERG:  That's correct.

17     THE COURT:  And that will bring us to what class?

18     MR. LOPICCOLO:  Class 1.

19     THE COURT:  Class 1.

20     MR. LOPICCOLO:  Based on that, Judge, the

21  defendant's pleading guilty to the amended charge,

22  five years in the Illinois Department of Corrections,

23  sentence will run concurrently with the DeKalb County

24  case which Mr. Steinberg wrote on the --

1      MR. STEINBERG:  03 CF 283, Judge, and that's to

2  plead out tomorrow.

3      MR. LOPICCOLO:  That's, he also has a DNA

4  assessment and fee of $250, fine and costs $750, drug

5  assessment per statute of 2,000, and State moves to

6  nolle pros Counts 2, 3, and 4.

7      MR. STEINBERG:  That's correct.

8      THE COURT:  All right.  Has Mr. Foster signed the

9  paperwork yet?

10     MR. STEINBERG:  Yes, sir.

11     THE COURT:  All right.  Sir, you are Mr. Jason

12  Foster?

13     THE DEFENDANT:  Yes, sir.

14     THE COURT:  Mr. Foster, did you hear the attorneys

15  recite the terms of the plea agreement?

16     THE DEFENDANT:  Yes.

17     THE COURT:  As far as you're concerned, they

18  correctly recited the terms of the plea agreement?

19     THE DEFENDANT:  Yes.

20     THE COURT:  How far did you go in school?

21     THE DEFENDANT:  Eleventh grade.

22     THE COURT:  Did you have any difficulty reading or

23  understanding the paperwork?

24     THE DEFENDANT:  No.

1    THE COURT:  At the present time, are you under the

2    influence of any prescription medications, controlled

3    substances, anything of that nature?

4        THE DEFENDANT:  No.

5        THE COURT:  All right.  It's my understanding you

6    are now prepared to plead guilty to an amended and

7    reduced charge of unlawful possession with intent to

8    deliver a controlled substance, to-wit, cocaine, that

9    being a Class 1 felony; do you understand the nature

10   of the charge that you are pleading guilty to?

11       THE DEFENDANT:  Yes.

12       THE COURT:  And because of this, and because it's

13   a Class 1 felony carries with it a range of sentences

14   between 4 and 15 years in the Illinois Department of

15   Corrections, any prison term would be followed by a

16   mandatory two-year supervised release term, and a

17   potential fine of up to $250,000; you understand the

18   range of sentences that can be imposed in connection

19   with this charge?

20       THE DEFENDANT:  Yes.

21       THE COURT:  All right.  Mr. Foster, even though

22   you have now indicated that you wish to plead guilty,

23   you do have the right to persist in your plea of not

24   guilty and contest the charge, because as you come

1    into court, you are presumed innocent of the charge

2    and the prosecution must be able to prove that you are

3    guilty beyond a reasonable doubt.

4            Do you understand that?

5        THE DEFENDANT:  Yes.

6        THE COURT:  Do you also understand that you are

7    entitled to a jury trial on this charge?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you understand what a jury trial

10    is?

11        THE DEFENDANT:  Yes.

12        THE COURT:  In connection with your proposed plea

13    of guilty, is it your desire to waive, that is, give

14    up your right to jury trial at this time?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand that even if you

17    waived your right to jury trial, if you wanted to, you

18    could have a trial before a judge, sitting alone,

19    that's called a bench trial.

20            If you wish to plead guilty, you give up that

21    right as well?

22        THE DEFENDANT:  Yes.

23        THE COURT:  All right.  The important thing for

24    you to keep in mind is if you plead guilty at this

1    time there will, of course, be no trial of any type or

2    kind.

3            By pleading guilty, you will be waiving, that

4    is, give up your right to have a trial, both before a

5    jury and a judge, you are going to be waiving your

6    right to question and confront any witnesses against

7    you, and you are also waiving and giving up your right

8    to present witnesses and evidence in your own defense;

9    you understand you are waiving and giving up all the

10   those rights if you plead guilty?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Has anyone pressured you or coerced

13   you into pleading guilty?

14       THE DEFENDANT:  No.

15       THE COURT:  Has anyone offered you anything or

16   made you any promises outside the terms of the plea

17   agreement?

18       THE DEFENDANT:  No.

19       THE COURT:  Factual basis, Mr. LoPiccolo.

20       MR. LOPICCOLO:  State were to proceed, State would

21   prove beyond a reasonable doubt that on or about June

22   11, 2003, the defendant committed, Jason T. Foster

23   committed the offense of unlawful possession of

24   controlled substance with the intent to deliver, a

1    Class 1 felony, in that he knowingly and unlawfully

2    possessed with the intent to deliver to another, more

3    than one gram but less than 15 grams of a substance

4    containing cocaine, controlled substance, other than

5    as authorized in the Controlled Substances Act.

6          The State would call the witnesses listed in

7    their answer to discovery, the testimony would be that

8    on June 11, 2003, at approximately 7:20 in the

9    evening, officers from the North Central Narcotics

10   Task Force in DeKalb went to the address of 1338 East

11   Galena, located in Aurora, Kane County, Illinois,

12   which was the residence of Jason Foster, pursuant to

13   Jason Foster signing a consent to search of that

14   property, located was an STP oil can which contained

15   within it a substance that tested positive for the

16   presence of cocaine; upon being sent to the crime

17   laboratory, the testimony would be that that substance

18   weighed more than one gram but less than 15 grams for

19   the purposes of this plea and was, in fact, cocaine.

20        THE COURT:  Mr. Steinberg?

21        MR. STEINBERG:  Stipulate, Judge.

22        THE COURT:  All right, Mr. Steinberg, is the

23   defendant waiving his right to pre-sentence

24   investigation report?

7

1      THE DEFENDANT:  Yes.

2      THE COURT:  Any previous history of criminality

3   for the record?

4      MR. LOPICCOLO:  He has no felony convictions,

5   Judge, this will be his first felony conviction.

6      THE COURT:  All right.  In the absence of any

7   dispute, I makes a finding that that is Mr. Foster's

8   prior history.

9          Finally, Mr. Foster, keeping in mind the

10   rights that you have, and the charges you are facing,

11   what is your plea to the charge, intent to deliver,

12   Class 1 felony, guiilty or not guilty?

13      THE DEFENDANT:  Guilty.

14      THE COURT:  Let the record reflect the defendant,

15   after being duly advised of the rights that he has and

16   the penalties he's facing, is making a knowing,

17   informed and voluntary waiver of his rights, and there

18   is a factual basis to support the plea, and

19   accordingly, the Court accepts the plea, enters

20   judgment thereon, finding Mr. Foster guilty of the

21   offense of unlawful possession with intent to deliver

22   a controlled substance, Class 1 felony.

23          Pursuant to the plea agreement, it will be

24   the judgment and sentence of the Court that Mr. Foster

1    be sentenced to the Illinois Department of Corrections

2    for period of 60 months, to receive credit for 63 days

3    spent awaiting trial in the Kane County Jail.

4         Sentence in this case is to run concurrent,

5    that is along with the sentence to be imposed in the

6    DeKalb County case in case 03 CF 283.

7         The counts pending against the defendant are

8    hereby dismissed on motion of the prosecution; fines

9    and costs totalling $750 are assessed along with drug

10   assessment fee of 2,000, a DNA assessment fee of $253.

11        Anything further before I advise the

12   defendant of his appeal rights?

13   MR. LOPICCOLO:  Judge, I just, ask to put on the

14   judgment order that the state police are to destroy

15   the firearm that was recovered.

16   THE COURT:  Any objection?

17   MR. STEINBERG:  No objection.

18   THE COURT:  Finally, Mr. Foster, even though you

19   have pled guilty, you do have the right to take an

20   appeal from the judgment and sentence I have just

21   imposed.  However, prior to taking an appeal, you

22   first have to file, within 30 days, a written motion

23   asking me to allow you to withdraw your plea of guilty

24   and to vacate the conviction against you.  But you

1    would have to set forth legal grounds for the Court to

2    do that in the written motion.

3          If the motion were allowed, then the plea of

4    guilty, the sentence, and the judgment would be

5    vacated and set aside, and I would then set a trial

6    date on the charge to which you have just plead

7    guilty.

8          However, any charges that were dismissed, and

9    there were several that were dismissed, upon request

10   by the State would also be reinstated and set for

11   trial.

12         If you could not afford an attorney at that

13   time, one would be appointed to assist you with the

14   motions, you would also receive a free transcript of

15   the proceedings.

16         Keep in mind also that any appeal you take in

17   this case, any issue or claim of error that you do not

18   raise in your initial motion to withdraw your plea,

19   and to vacate convictions would be deemed waived, that

20   is, given up on the appeal.

21         Do you have any questions at all about

22   anything?

23       THE DEFENDANT:  No.

24       THE COURT:  All right, good luck.

1              (Which were all the proceedings had

2          in said matter on said date.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS   )
                         ) SS.
2    COUNTY OF KANE      )

3        I hereby certify that I reported in shorthand

4    the proceedings had at the hearing in the above-

5    entitled cause, and that the foregoing Report of

6    Proceedings is a true, correct and complete transcript

7    of my shorthand notes so taken at the time and place

8    herein set forth.

9

10

11                              JACQUELINE S. WELTMER, CSR
12                              Illinois CSR #84-1179
                                Official Court Reporter,
13                              16th Judicial Circuit of
                                Illinois
14

15

16

17

18

19

20

21

22

23

24

12