

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 15 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 772 |
| vs. | ) | Judge Virginia Kendall |
| | ) | |
| JASON FOSTER | ) | |

MAY 15 2008

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant JASON FOSTER, and his attorney, PAUL FLYNN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with distribution of a controlled substance, namely, in excess of 5 grams of mixtures containing cocaine base in the form of crack cocaine, in violation of 21, United States Code, Section 841(a)(1) (Count 1), and distribution of a controlled substance, namely, in excess of 50 grams of mixtures containing cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count 2).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5.   By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 2 of the indictment. Count 2 charges defendant with distributing in excess of 50 grams of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

## Factual Basis

6.   Defendant will plead guilty because he is in fact guilty of the charge contained in Count 2 of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt:

    a.   With respect to Count 2 of the indictment: On or about March 14, 2007, defendant met with an individual cooperating with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), (the "CI"), in or around Aurora, Illinois. During that meeting, defendant distributed to the CI two and one half ounces, or in excess of 50 grams, of mixtures containing cocaine base in the form of crack cocaine. The CI paid defendant $1,800 for the two and one half ounces of crack cocaine. The crack cocaine delivered to the CI by defendant on March 14, 2007 was subsequently analyzed and weighed by a chemist at the North Central Laboratory of the Drug Enforcement Administration ("DEA Laboratory"). The substance tested positive for the presence of cocaine base with a net weight of approximately 63.3 grams.

    b.   With respect to defendant's relevant conduct: On or about February 21, 2007, defendant met with the CI in or around Aurora, Illinois. During that meeting,

defendant distributed to the CI a half ounce, or in in excess of 5 grams, of mixtures containing cocaine base in the form of crack cocaine. The CI paid defendant $350 for the half ounce of crack cocaine. The CI also paid defendant $100 to repay a previous drug debt. The crack cocaine delivered to the CI by defendant on February 21, 2007 was subsequently analyzed and weighed by a chemist at the DEA Laboratory. The substance tested positive for the presence of cocaine base with a net weight of approximately 12.4 grams.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalty:

    a. Count 2 carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561 defendant may not be sentenced to a term of probation on this count. Count 2 also carries a maximum fine of $4,000,000. Defendant further understands that with respect to Count 2, the judge also may impose a term of supervised release of at least five years.

    b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

    c. Therefore, under the count to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 10 years'

imprisonment. In addition, defendant is subject to a total maximum fine of $4,000,000, a period of supervised release, and a special assessment totaling $100.

### Sentencing Guidelines Calculations

8.  Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.  For purposes of calculating the Sentencing Guidelines, the parties agree and, where noted, disagree on the following points:

   a.  **Applicable Guidelines.** It is the government's position that the Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. Therefore, the government's proposed calculations are based on the Manual currently in effect, the November 2007 Guidelines Manual. It is defendant's position that the Sentencing Guidelines to be considered in this case are those in effect at the time of the commission of the offenses, the November 2006 Guidelines Manual, as those guidelines are more favorable to him.

   b.  **Offense Level Calculations.**

      i.  The parties agree that under both the November 2007 and November 2006 Guidelines Manuals, the base offense level for the charge in Count 2 of the indictment is 30, pursuant to Guideline §2D1.1(a)(3) and 2D1.1(c)(5), because the amount

of crack cocaine involved in the offense of conviction and relevant conduct is more than 50 grams, but less than 150 grams, of cocaine base in the form of crack cocaine.

    ii. It is the government's position that, pursuant to the November 2007 Guidelines Manual, defendant qualifies as a career offender within the meaning of §4B1.1, because he has two qualifying prior drug convictions. Thus, it is the government's position that the base offense level for Count 2 in the indictment is increased to 37, pursuant to Guideline §4B1.1. The defendant disagrees with this enhancement, as described below. Accordingly, it is defendant's position that the offense level before application of Guideline §3E1.1 is level 30.

    iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    iv. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the

offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.**

        i.    It is the government's position that the defendant qualifies as a career offender and that, as a result, his criminal history category is VI, pursuant to Guideline §4B1.1. Under the November 2007 Guidelines Manual, defendant's prior convictions, listed below, are not related because the sentences did not result from offenses contained in the same charging instrument, and the sentences were not imposed on the same day:

        1.    On or about December 18, 2003, defendant was convicted of possession of a controlled substance with intent to deliver in the Circuit Court of Kane County and was sentenced to 5 years' imprisonment.

        2.    On or about December 19, 2003, defendant was convicted of unlawful possession of a controlled substance with intent to deliver in the Circuit Court of DeKalb County and was sentenced to 4 years' imprisonment.

        ii.    It is defendant's position that, under the November 2006 Guidelines Manual, defendant's two prior convictions are related and thus should be treated as only one conviction. Specifically, the November 2006 Guidelines Manual provides that "prior sentences imposed in related cases are to be treated as one sentence." USSG, Guidelines Manual, §4A1.2(a)(2) (Nov. 2006). Convictions are related if there was no

intervening arrest between the convictions and the convictions are part of a "single common scheme or plan." USSG, Guidelines Manual, §4A1.2, comment (n.3) (Nov. 2006). Defendant contends that this language, which was stricken by Amendment 709 to the Guidelines Manual, effective November 2007, applies to defendant's two convictions. It is thus defendant's position that he is not a career offender pursuant to Guideline §4B1.1. Under defendant's calculation, defendant would receive three points for the above listed convictions and three additional points because the defendant committed the instant offenses both while on parole and within two years of his release from imprisonment on the sentence imposed for the above listed convictions. Under this calculation, defendant's criminal history category is III.

        d.      **Anticipated Advisory Sentencing Guidelines Range.** The government contends that, based on the November 2007 Guidelines Manual, the anticipated adjusted offense level is 34, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing Guidelines range of 262 to 327 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

Defendant contends that, pursuant to the November 2006 Guidelines Manual, his anticipated adjusted offense level is 27, which when combined with the anticipated criminal history category of III, results in an anticipated advisory Sentencing Guidelines

range of 87 to 108 months' imprisonment. Defendant, however, acknowledges that he is subject to a statutory mandatory minimum sentence of 10 years' imprisonment.

   e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

   f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant

shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10. If this Court applies the November 2007 Guidelines Manual, it is the government's position that application of the career offender guideline overstates the seriousness of the offense and defendant's criminal history, and that a sentence below the applicable guidelines range is warranted. Notwithstanding the policy statement set out in Guideline §4A1.3(b)(3), it is the government's position that defendant should be sentenced as if the career offender guideline does not apply, because the two convictions establishing defendant's status as a career offender arose from a single course of conduct, which gave rise to multiple convictions only because different aspects of that conduct occurred in different jurisdictions. Accordingly, it is the government's position that defendant should be sentenced as if his offense level total were 27 and his criminal history category were III. At the time of sentencing, the government will recommend a sentence within that range, or the applicable mandatory minimum sentence, whichever is higher. Similarly, if this Court determines that the November 2006 Guidelines Manual applies, the government will recommend a sentence within the applicable Guideline range, or the applicable mandatory minimum sentence, whichever is higher.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as

9

set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

13. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

14. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence

for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

15.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

16.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 772.

17.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations

11

of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

18. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant

guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.  **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal his sentence. Defendant understands that if he chooses to appeal his sentence, he must file a notice of appeal within 10 days of the date the sentence is imposed.

c.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

19. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

20. Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

### Conclusion

21. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

22. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the

event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

24. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

25. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: ~~4/30/08~~ 5/14/08

_____  
PATRICK J. FITZGERALD  
United States Attorney

_____  
JASON FOSTER  
Defendant

_____  
BETHANY K. BIESENTHAL  
Assistant U.S. Attorney

_____  
PAUL FLYNN  
Attorney for Defendant

16