UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 772 |
| v. ) | Judge Virginia M. Kendall |
| ) | |
| JASON T. FOSTER ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REDUCE SENTENCE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois hereby responds to Defendant's Motion to Reduce Sentence Pursuant to United States Sentencing Guidelines, Amendment 709 and 18 U.S.C. § 3582(c)(2) as follows:

1. On December 18, 2007, defendant was charged in a two count indictment alleging that defendant knowingly and intentionally distributed over 5 grams of crack cocaine (Count One) and knowingly and intentionally distributed over 50 grams of crack cocaine (Count Two), both in violation of 21 U.S.C. §841(a)(1).

2. On May 14, 2008, defendant pled guilty to Count Two of the indictment. In so doing, defendant admitted that on March 14, 2007, he distributed approximately 63.3 grams of crack cocaine to a confidential informant ("CI"). Defendant further admitted that on February 21, 2007, he distributed approximately 12.4 grams of crack cocaine to the same CI.

3. On November 25, 2008, defendant was sentenced by this Court. Prior to sentencing defendant, this Court properly calculated defendant's guidelines range based on the offense conduct and defendant's criminal history. More specifically, the Court found that the base offense level was 27 and defendant's criminal history category was VI. (11/25/08 Tr. at 15, Dkt. No. 56). The Court then determined that the resulting guidelines range was 130 to 162 months. (Dkt. 56 at 15.) Based on the factors set forth in 18 U.S.C. §3553(a), the Court sentenced defendant to 130 months' imprisonment, the low end of the applicable guidelines range. (Dkt. 56 at 25-26).

4. On July 29, 2011, defendant filed a motion to reduce his sentence based on Amendment 709 to the Sentencing Guidelines and 18 §3582(c)(2). (Dkt. No. 68). In his motion,

defendant argues that the PSR incorrectly attributed criminal history points to several of defendant's prior traffic-related convictions. Defendant contends that Amendment 709 to the Sentencing Guidelines clarifies the way in which multiple convictions are assigned criminal history points. Defendant argues that the Amendment substantially reduces his sentence and he is entitled to a sentence reduction under 18 U.S.C. §3582(c)(2). Defendant's motion is without merit for the following reasons.

5. Amendment 709 was enacted prior to the time defendant was sentenced. Defendant was sentenced on November 25, 2008. Amendment 709 to the Sentencing Guidelines, which modified "the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score," was enacted on November 1, 2007. U.S.S.G., Supp. to App. C, Amend. 709 at 238. Because the Amendment was in effect at the time of defendant's sentencing hearing, it does not "subsequently" lower defendant's guidelines range and defendant is therefore not entitled to relief under 18 U.S.C. §3582(c)(2).[1]

6. The PSR[1] thus properly calculated defendant's criminal history points according to the rules set forth in Amendment 709. Prior to Amendment 709, multiple convictions were counted separately for the purposes of assigning criminal history points unless the convictions were "consolidated" for purposes of sentencing or trial. *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009). Under Amendment 709, multiple convictions are counted separately unless, among other possibilities, they were imposed on the same day. *Id.* The convictions of which defendant complains were each imposed on separate days. More specifically, the convictions for which defendant was assigned criminal history points were imposed on July 16, 1997, July 31, 1997, September 8, 1997, and August 7, 1998. (PSR at 9-11). Therefore, the convictions should have

---

[1] Even assuming the Amendment was not in effect at the time of defendant's hearing, the Seventh Circuit has held that Amendment 709 is not a "clarifying" amendment. Rather, the amendment is substantive and therefore is not retroactive. *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009).

[1] A copy of the PSR will be made available upon request.

been treated separately under Amendment 709 and therefore were appropriately assigned criminal history points.[2]

7.  Even assuming the criminal history points were not calculated properly, defendant agreed at the sentencing hearing that his criminal history points were correctly calculated. Indeed, the court twice asked counsel for defendant whether he challenged the computation of the criminal history points or whether he was highlighting them for purposes of arguing the factors set forth in 18 U.S.C. §3553(a). Counsel for defendant stated both times that he was merely highlighting the convictions for purposes of arguing the 3553(a) factors. *See* Dkt. 56 at 8 ("they're being highlighted for the purposes of 3553"); *Id.* at 12 ("then I'm going to argue under the 3553 analysis that all the traffic ones should be considered as one, because for – because basically he got court supervision.")

8.  Therefore, because Amendment 709 was in effect at the time of defendant's sentencing hearing, his criminal history points were correctly calculated according to that Amendment, and defendant did not object to the calculation of his criminal history points, defendant's motion is without merit.

---

[2] Defendant contends that there were no intervening arrests between the various traffic offenses. However, even assuming there were no intervening arrests, Amendment 709 makes clear that the convictions are counted separately because the sentences were not imposed on the same day. *See* U.S.S.G. §4A1.2(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . If there is no intervening arrest, prior sentences are counted separately unless . . the sentences were imposed on the same day.")

WHEREFORE, for the reasons discussed above, the government respectfully requests that this Court deny defendant's motion.

                                        Respectfully submitted,

                                        PATRICK J. FITZGERALD
                                        United States Attorney

                     BY:    /s Bethany K. Biesenthal
                                        BETHANY K. BIESENTHAL
                                        Assistant United States Attorney
                                        219 S. Dearborn St.
                                        Chicago, Illinois  60604
                                        (312) 886-7629

## CERTIFICATE OF SERVICE

      Bethany K. Biesenthal, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. § 3582** was served on September 14, 2011, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and served by first class mail, postage prepaid, on the following parties:

Jason T. Foster
Reg # 22527-424
Memphis FCI
Federal Correctional Institution
P.O. Box 34550
Memphis, TN 38134

By:   /s/   Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant United States Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 886-7629