

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07 CR 772 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| ) | |
| JASON FOSTER ) | |

## MEMORANDUM OPINION AND ORDER

On May 18, 2008, Defendant Jason Foster pled guilty to knowingly and intentionally distributing over 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On November 25, 2008, Foster was sentenced to a term of 130 months imprisonment. In imposing its sentence, the Court determined that Foster's total combined offense level under the United States Sentencing Guidelines was 27 and that his prior conduct placed him in Criminal History Category VI. As a result, the Court found that the Guidelines range applicable to Foster's conduct was 130 months to 162 months imprisonment. The Court sentenced Foster to 130 months imprisonment and five years of supervised release. Foster now seeks a retroactive reduction of this sentence pursuant to part A of Amendment 750 to the Guidelines, which took effect on November 1, 2011. *See* USSG, App. C, Amdt. 750 (2011). Foster initially filed his Motion for a Sentence Reduction *pro se*. The Court

1

appointed Foster counsel to assist him in this matter. The Government filed a response, and Foster, with the aid of counsel, filed a reply.

The Government argues that the Amendment permits the Court to reduce Foster's sentence if the Court, in its discretion, chooses to do so. The new base offense level would now be 26 and the new adjusted offense level would now be 23. With Foster's Criminal History Category of VI this results in a sentence range of 92 to115 months imprisonment. The Government, however, following Seventh Circuit and Supreme Court precedent, asserts that the sentencing reduction can go no lower than 120 months, which is the applicable statutory mandatory minimum for the offense at the time Foster was sentenced. *See* 18 U.S.C § 841(b). Foster argues that he is entitled to a reduction beyond that; he claims that he should be able to receive a 60 month mandatory minimum sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), citing to the dissenting opinions in *United States v. Holcomb*, 657 F.3d 445 (7th Cir. 2011) at 452-462 (Williams, J., dissenting) and 461-463 (Posner, J., dissenting). Both sides agree that this Court has discretion to determine what is the most appropriate sentence. Therefore, the only issue in significant dispute is whether the majority holding in *Holcomb* should be followed. On June 21, 2012, the United States Supreme Court decided *Dorsey v. United States*, No. 11-5683 (slip opinion) (reversing *sub nom. United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011) and *United States v. Hill*, 417 Fed.Appx. 560 (7th Cir. 2011); disapproving *Holcomb*, 657 F.3d 445).

In *Dorsey* the Court held that the Fair Sentencing Act applies retroactively to pre-Act conduct for which the defendant is sentenced on or after August 3, 2010, the Act's effective date. *Dorsey* now controls the dispute over the proper application of the Fair Sentencing Act to Foster's sentence, although *Holcomb* still partially supplies the rule to be applied to this case.

The Fair Sentencing Act of 2010, which alters the statutory penalties applicable to crack cocaine offenses, became effective on August 3, 2010. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). The aim of the Act is to reduce the disparity between prison sentences for cocaine offenses and for crack offenses (otherwise known as "cocaine base" offenses). Under the Anti-Drug Abuse Act of 1986, the mandatory minimum prison terms for cocaine and crack based offenses reflected a 100-to-1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the mandatory minimums. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii) (2006 ed.). The Fair Sentencing Act reduced the disparity between crack and powder cocaine to a ratio of 18-to-1. *See* § 2(a), 124 Stat. 2372. Specifically, the Act amends 21 U.S.C. § 841(b), which is the penalty provision of 21 U.S.C. § 841. The Act directed the United States Sentencing Commission to "as soon as practicable," but no later than 90 days after the Act's effective date, promulgate amendments to the Sentencing Guidelines reflecting the statutory changes. *Id.* at 2372-2375. The Commission adopted Amendment 750, which makes permanent adjustments to the offense levels in Section

2D1.1 for various quantities of crack cocaine.[1] *See* USSG, App. C, Vol. Ill at 374-381. The Commission voted to give part A of Amendment 750 (the part which is relevant to Foster's case) retroactive effect. *See* 76 Fed. Reg. 41332-41335 (July 13, 2011). Amendment 750 became effective on November 1, 2011. *Id.* at 41332. Part A of Amendment 750 is included among the Guideline amendments covered by Revised Section 1B1.10, which sets forth the amendments to the Guidelines that may be applied retroactively. *See* USSG § 1B1.10(c).

Pursuant to 18 U.S.C. § 3582(c), the Court may reduce the sentence of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the United States Sentencing Commission. When a retroactive Guideline Amendment is adopted, Section 3582(c)(2) "permits defendants sentenced based on a sentencing range that has been modified to move for a reduced sentence." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). The Court may, in its discretion, reduce such a sentence after considering the factors set forth in Section 3553(a) to the extent that they are applicable. A reduction in a defendant's sentence must be consistent with any applicable policy statements issued by the Sentencing Commission. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

The Supreme Court in *Dillon*, 130 S. Ct. at 2691-2692, set forth a two-step framework

---

[1] In keeping with Congress's mandate expressed in the Act that the Commission promulgate new amendments to the Guidelines as soon as practicable, and in no event to exceed 90 days after the Act's effective date, the Commission promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010. *See* 75 Fed. Reg. 66188 (2010).

for applying Section 3582(c):

> The statute [18 U.S.C. § 3582(c)] thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).
>
> Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> \*\*\*
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

*Dillon*, 130 S. Ct. at 2691-2692 (internal citations and quotations omitted).

The extent of any reduction to a defendant's sentence is limited. Congress delegated the authority to determine the extent to which a sentence may be reduced to the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission has decided that, with one exception not relevant to Foster's case, the courts may not reduce a

defendant's term of imprisonment pursuant to Section 1B1.10(b) to a term that is less than the relevant minimum amended guideline range determined under subdivision (1). *See* USSG § 1B1.10(b)(2)(A). An application note to Section 1B1.10 provides that "if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." USSG § 1B1.10 app. note 3. Therefore, the Court may not reduce Foster's sentence below the amended guideline range. *See Dillon*, 130 S. Ct. at 2691.

In addition, the Court may not reduce a defendant's sentence to a term that is less than the statutory mandatory minimum. *See DePierre v. United States*, 131 S. Ct. 2225 (2011); *Kimbrough v. United States*, 552 U.S. 85, 103-104 (2007); *United States v. Neal*, 46 F.3d 1405, 1411 (7th Cir. 1995), *aff'd sub nom., Neal v. United States*, 516 U.S. 284 (1996). The Fair Sentencing Act of 2010 altered the statutory mandatory minimum penalties that apply to crack base offenses. *See* 18 U.S.C § 841(b). The Act's more lenient penalties, however, only apply to defendants who are sentenced on or after August 3, 2010, but may be applied to conduct committed before that date. *See Dorsey v. United States*, No. 11-5683 (reversing *sub nom. Fisher*, 635 F.3d 336 and *Hill*, 417 Fed.Appx. 560; disapproving *Holcomb*, 657 F.3d 445). In other words, while Amendment 750 has retroactive effect, The Fair Sentencing Act is

also retroactive and the more lenient penalty provisions apply to offenders who committed a crack based offense before August 3, 2010, but were not sentenced until after August 3. *See Dorsey*, No. 11-5683. Thus, the Act is retroactive only to pre-Act conduct committed by defendants who were sentenced on or after August 3, 2010, the date on which the Act took effect. *See Id*. Foster was sentenced on November 25, 2008–well before the Fair Sentencing Act took effect–for conduct that took place well before the Act became effective. As Judge Posner wrote in his dissenting opinion in *Holcomb*, when the Guidelines become retroactive, defendants sentenced under the old Guidelines will be eligible to seek resentencing under the new ones, but "those defendants, if their crimes predated the effective date of the Fair Sentencing Act, will continue to be subject to the old statutory minimum sentences." *Holcomb*, 657 F.3d at 463 (Posner J., dissenting). Therefore, the mandatory minimum statutory sentence applicable to Foster is 120 months imprisonment–the mandatory minimum penalty prescribed at the time of Foster's initial sentencing pursuant to 18 U.S.C § 841(b).

Applying the *Dillon* framework, the Court must first determine whether Foster is eligible for a sentence reduction. Both parties agree that Foster is entitled to a reduction. Pursuant to Section 2D1.1, the total adjusted offense level applicable to Foster is now 23. Combined with Foster's established Criminal History Category of VI this results in an advisory sentence range of 92 to 115 months imprisonment. Pursuant to Amendment 750,

Section 2D1.1 of the Sentencing Guidelines, and 18 U.S.C § 841(b) the Court determines that, at step one of *Dillon*, Foster is eligible for a sentence reduction of up to 10 months; which results from adjusting his original sentence of 130 months imprisonment downward to meet the mandatory minimum sentence applicable to his pre-Act criminal conduct under 18 U.S.C § 841(b), which is 120 months imprisonment. *See Kimbrough*, 552 U.S. at 103-104 (no reduction in a sentence may be made below the statutory mandatory minimum).

At step two of the *Dillon* test the Court considers the factors set forth in 18 U.S.C. § 3553(a). Upon consideration of these factors the Court, in its discretion, determines whether a reduction of Foster's sentence should be made, and the amount of any reduction if one is warranted. The Section 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner...

18 U.S.C. § 3553(a).

The Court may consider all pertinent information in applying the Section 3553(a) factors, subject to the limitations set forth in Section 1B1.10(b). *See* 18 USCS Appx. § 1B1.10. In addition to the Section 3553(a) factors listed above, the Court must also take into consideration the factors provided in the revised application notes to Section 1B1.10. Revised application note 1(B)(ii) instructs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." USSG § 1B1.10 app. note 1(B)(ii). Revised application note 1(B)(iii) further instructs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." USSG § 1B1.10 app. note 1(B)(iii).

After a thorough review of the record in this case, the Court agrees with the Government that Foster's sentence should be reduced to 120 months incarceration. At his original sentencing hearing, the Court found Foster's health concerns and his desire to rehabilitate his life to be mitigating factors taken into account pursuant to Section 3553(a). At sentencing Foster further demonstrated a committed effort towards completing a drug

treatment program. A sentence of 120 months imprisonment adequately reflects the seriousness of Foster's crime, promotes respect for the law, and provides just punishment to Foster. In addition, the sentence will serve to deter both Foster from committing future crimes as well as the public at large. A reduction of ten months from Foster's original sentence does not create a danger to any person or to the community. Turning to Foster's conduct since incarceration, Foster has sought out educational opportunities and lacks any disciplinary record. Based on Foster's post-sentencing conduct, a reduction in Foster's sentence serves to promote respect for the penal system and the prospect of rehabilitation. Based on the two-step analysis mandated by *Dillon*, 130 S. Ct. at 2691-2692, the Court concludes that Foster's sentence should be reduced to a term of imprisonment of 120 months, the mandatory minimum sentence required by Foster's pre-Act conduct.

In his reply, Foster asks this Court to disregard the law of this Circuit as expressed in *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010), *Fisher*, 635 F.3d 336, and *Holcomb*, 657 F.3d 445, and to embrace instead the views espoused by the dissenting judges in *Holcomb*, 657 F.3d at 452-462 (Williams, J., dissenting) and 461-463 (Posner, J., dissenting). Foster claims that under the analysis of the dissenters his sentence would be reduced to 60 months–the new mandatory minimum provided by the Fair Sentencing Act. *See* 21 § U.S.C. 841(B)(iii). In *Dorsey*, the Supreme Court reversed the holding of the Seventh Circuit in *Fisher*, and disapprovingly reviewed its analysis in *Holcomb*. The Court held that pre-Act

conduct was subject to the more lenient mandatory minimums of the Act for sentences imposed on or after August 3, 2010, the effective date of the Act. *See Dorsey*, No. 11-5683. The Court did not hold that the Act retroactively applies to pre-Act conduct for which the offender was sentenced before the effective date of the Act. *See Id.* Thus, the implicit holding of *Holcomb*, that the pre-existing mandatory minimums still apply to pre-Act conduct for which the defendant was sentenced before the effective date of the Act, was left undisturbed by *Dorsey*.

In our hierarchical judicial system this Court is bound to follow the decisions of superior courts. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("[D]ecisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (internal citations omitted). This Court must adhere to and apply the law as expressed in the decisions of the United States Supreme Court and the Seventh Circuit Court of Appeals pursuant to the doctrines of *stare decisis* and precedent. *See Bank of United States v. Deveaux*, 5 Cranch 61 (1809) (Marshall, C.J.) ("[T]he precedents of this court, though they were not decisions on arguments, ought not be absolutely disregarded."); *Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 583 (7th Cir. 2005) ("The doctrine of *stare decisis* imparts authority to a decision, depending on the court that rendered it, merely by virtue of the

authority of the rendering court...The essence of *stare decisis* is that the mere existence of certain decisions becomes a reason for adhering to their holdings in subsequent cases.") (internal citations and quotations omitted); *see also Joy v. Penn-Harris-Madison Sch. Corp.*, 212 F.3d 1052, 1063 (7th Cir. 2000) ("[W]e believe that the doctrines of *stare decisis* and precedent require our adherence to [previously decided case law], and we affirm the judgment under review on that basis."). These doctrines ensure that this Court adheres to the law of the circuit. *See United States v. Jones*, 54 F.3d 1285, 1294 (7th Cir. 1995) (the doctrines of *stare decisis* and precedent require that lower courts and the courts of appeals adhere to the law of the circuit). That law, as explained above, unequivocally holds that the Fair Sentencing Act applies to pre-Act conduct only for defendants sentenced on or after August 3, 2010. *See Dorsey*, No. 11-5683. Although pre-Act conduct is subject to the Act's more lenient mandatory minimums for sentences imposed on or after August 3, 2010, the Act's lower mandatory minimums do not apply to defendants who were sentenced before the Act's effective date. *See Id.; accord Holcomb*, 657 F.3d at 463 (Posner, J., dissenting). Thus, even under the Supreme Court's decision in *Dorsey*, which essentially reversed *Holcomb*, Foster's argument has no merit. One of the dissenting judges in *Holcomb* explicitly rejected the argument that Foster is making, stating that defendants sentenced under the old Guidelines will be eligible to seek resentencing under the new Guidelines, but "those defendants, if their crimes predated the effective date of the Fair Sentencing Act, will continue to be

subject to the old statutory minimum sentences." *Id.* (Posner, J., dissenting). The Supreme Court took no action in *Dorsey* to alter this rule; it did not hold that pre-Act conduct is subject to the more lenient mandatory minimums for offenders who were sentenced before the effective date of the Act. This is the sensible result, as a contrary rule would dramatically undermine the finality of criminal proceedings. *Accord Id.* Therefore, the mandatory minimums in place before the Fair Sentencing Act took effect govern Foster's sentence because he was sentenced to a term of imprisonment on November 25, 2008, over two years before the Fair Sentencing Act became effective, for criminal conduct that obviously pre-dates the Act. Nevertheless, the retroactive effect of Amendment 750 to the Sentencing Guidelines generates a ten month reduction in Foster's sentence because the new adjusted offense level results in an advisory guideline range with a maximum advisory term of imprisonment below the statutory mandatory minimum sentence.

Therefore, it is ordered that Foster's sentence be reduced to a term of imprisonment of 120 months plus five years of supervised release. All other aspects of the sentence remain the same.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 9, 2012